UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONALD JAMES ENGEL, ) <br> ) <br> Petitioner, ) <br> ) Case No. C05-1015-JLR <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) REPORT AND RECOMMENDATION <br> ) <br> Respondent. ) <br> _____ ) | |

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner filed a *pro se* motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his 2005 federal court sentence, which is opposed by the respondent. Following a careful review of the parties' papers and the available record, this Court recommends that petitioner's § 2255 motion be denied.

## FACTS

Petitioner is a federal prisoner at the Federal Correctional Institution in Fort Sheridan, Oregon. On September 15, 2004, petitioner entered into a Plea Agreement in which he pleaded guilty to conspiracy to commit bankruptcy fraud, mail fraud, and using a false document. Case No. CR04-138, Dkt. No. 40. On February 7, 2005, the Honorable James L. Robart sentenced petitioner to 63 months incarceration, followed by three years of supervisory release. Dkt. No. 49. In addition, the court ordered restitution payments of

$621,085.00. *Id.* Petitioner was ordered to begin paying his restitution during his period of confinement, pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program, as well as upon release. *Id.*

Petitioner did not appeal his conviction. Instead, petitioner filed the present motion on June 3, 2005. CV05-1015, Dkt. No. 1.

## CLAIMS FOR RELIEF

Relying on *United States v. Gunning*, 401 F.3d 1145 (9th Cir. 2005), petitioner argues that the district court did not have the authority to delegate the scheduling of his restitution to the Bureau of Prisons. Dkt. No. 1. He does not challenge the amount of restitution ordered. However, he moves this Court to waive the collection of restitution during his period of confinement, or, alternatively, only collect funds during his confinement if he earns money during that period. *Id.* Petitioner contends that § 2255 is the proper vehicle for his claim because he is not challenging the amount of his restitution, but rather the allegedly improper delegation. Dkt. No. 7. In its response, the government argues that petitioner's claim is not cognizable in a § 2255 motion and asks the Court to dismiss the petition. Dkt. No. 6.

## DISCUSSION

28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress *claiming the right to be released* . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." (Emphasis added). Pursuant to the terms of the statute, a petitioner must claim that he has the right to be released from custody in order for his motion to be properly cognizable under § 2255. *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999). "Claims for other types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion." *United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002). Every other circuit court to have considered this question has arrived at the same conclusion. *Kramer*, 195 F.3d at 1130 (collecting cases).

01         In this case, petitioner's claim is not cognizable in a § 2255 motion because he does not claim a right to be released in the petition. Petitioner's prayer for relief asks only that "the sentencing court either waive the collection of restitution and interest during [his sentence] . . . or simply collect [10%] of any monies paid to [him] during his confinement[.]" Dkt. No 1. At no point does he seek release from custody. Instead, petitioner attempts to use § 2255 solely as a means to raise a *Gunning* challenge to the restitution portion of his sentence. Dkt. Nos. 1, 7. *Gunning* does deal with the inability of the district court to delegate responsibility for restitution payment scheduling to the Bureau of Prisons during an inmate's period of incarceration. 401 F.3d at 1150. However, *Gunning* was not a § 2255 case but instead involved a direct appeal. Hence, under *Kramer* and *Thiele* petitioner's motion should be denied.

        In his reply, petitioner cites several cases in support of his argument that § 2255 is the proper vehicle for raising his claims, but each is inapposite. Dkt. No. 7. For instance, *Sanders v. United States*, 373 U.S. 1 (1963), addressed the proper standards for determining whether a hearing should be granted in § 2255 cases, not whether restitution claims were cognizable under that section. Similarly, *Burns v. United States*, 321 F.2d 893 (8th Cir. 1963), did not address the issue at bar. Rather, it addressed whether a petition for writ of *coram nobis* was an appropriate writ for petitioner's claims and whether a hearing was appropriate. In *United States v. Hock*, 275 F.2d 726 (3d Cir. 1960) (per curiam), the Third Circuit held that petitioners could not challenge actions by the parole board via § 2255. Finally, *United States v. Myers*, 139 F. Supp. 724 (D. Alaska 1956), is inapplicable because it dealt with a petitioner who attempted to bring a direct appeal in the form of § 2255. Thus, none of the cases cited by petitioner offers any reason to depart from the holdings in *Kramer* and *Thiele* that claims challenging restitution but not seeking release from custody are not cognizable in a § 2255 petition.

01 <u>CONCLUSION</u>

02 Because petitioner's motion does not seek release from custody, his § 2255 motion

03 must be denied.  A proposed order accompanies this Report and Recommendation.

04 DATED this 31st day of August, 2005.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge