UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD JAMES ENGEL,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C05-1015JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Petitioner's certificate of appealability (Dkt. # 15). Having considered the papers filed in connection with this motion, the court DENIES Petitioner's motion.

## II. BACKGROUND

This court sentenced Petitioner Donald James Engel to 63 months of incarceration and ordered restitution payments in the amount of $621,085 for his crimes of mail fraud, conspiracy to commit bankruptcy fraud, and using a false document. Mr. Engel did not appeal his conviction. Instead, Mr. Engel brought a habeas corpus petition under 28 U.S.C. § 2255 ("section 2255") to collaterally attack the restitution portion of his sentence. Mr. Engel argued that the court had impermissibly delegated the scheduling of

ORDER – 1

his restitution obligation to the Federal Bureau of Prisons ("BOP"). Mr. Engel did not challenge the legality of his prison sentence or seek release from custody. This court dismissed Mr. Engel's claims with prejudice, adopting Magistrate Judge Donohue's Report and Recommendation (Dkt. # 10). Mr. Engel now seeks to appeal the court's denial of his habeas corpus petition under section 2255.

### III.   ANALYSIS

In order to appeal denial of a section 2255 claim,[1] a petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c); United States v. Asrar, 116 F.3d 1268, 1269 (9th Cir. 1997). A district court may issue a certificate of appealability only if the "applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has elaborated that a habeas applicant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).

To state a cognizable claim under section 2255, a petitioner must claim the right to be released from custody. United States v. Kramer, 195 F.3d 1129, 1130 (9th Cir. 1999). "Claims for other types of relief, such as relief from a restitution order, cannot be brought in a § 2255 motion." United States v. Thiele, 314 F.3d 399, 400 (9th Cir. 2002). In both United States v. Kramer and United States v. Thiele, the petitioners claimed relief from a

---

[1] For those challenging federal custody, the habeas corpus statute provides: "A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255.

ORDER – 2

restitution order citing their attorney's ineffective assistance[2] in demonstrating to the sentencing court their inability to pay. Kramer, 195 F.3d at 1130; Thiele, 314 F.3d at 401. Both courts denied the petitioners' habeas petitions under section 2255 based on the improper nature of the relief sought and irrespective of the fact that the petitioners couched their restitution claims in terms of an alleged constitutional violation. Kramer, 195 F.3d at 113; Thiele, 314 F.3d at 402.

Here, Mr. Engel prays that: "the sentencing court either waive the collection of restitution and interest during [incarceration] . . . or simply collect [10%] of any monies paid to [him] during his confinement . . . ." (Dkt. # 1). Mr. Engel argues that his habeas petition is proper under section 2255 because it challenges the basis of this court's jurisdiction for imposing the restitution portion of his sentence. Engel contends that the court improperly delegated a "core judicial function" in violation of the separation of powers doctrine and in violation of his rights under the equal protection and due process clauses of the Fourteenth and Fifth Amendments. Mr. Engel cites to United States v. Gunning where, on a defendant's direct appeal of a district court's sentencing, the Ninth Circuit construed the Mandatory Victims Restitution Act to prohibit the district court from delegating restitution payments to the BOP. 339 F.3d 948, 949 (9th Cir. 2003).

The court holds that the dismissal of Mr. Engel's habeas claim under section 2255 does not warrant a certificate of appealability. Even if successful, Mr. Engel's habeas petition would not undermine the legality of his custody; rather, he would achieve a change in financial circumstances, which is not a proper request for relief under section 2255. Kramer, 195 F.3d at 1130; Thiele, 314 F.3d at 400. Gunning is inapposite as it

---

[2] The right to counsel under the Sixth Amendment includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 685-6 (1984).

ORDER – 3

involved a direct appeal of a restitution order, whereas Mr. Engel's petition is a collateral attack, which can only serve to challenge the legality of custody. It is immaterial that Mr. Engel raises a constitutional question as the basis for challenging his restitution payment; rather, for purposes of a section 2255 claim, the court must focus on the nature of the relief sought. Kramer, 195 F.3d at 113; Thiele, 314 F.3d at 402. Because Mr. Engel does not seek relief that the court can award in a habeas proceeding, the court finds that reasonable jurists would not debate the propriety of the court's order dismissing his habeas petition as improper under section 2255.

### IV. CONCLUSION

For the reasons stated above, the court DENIES Mr. Engel's motion for a certificate of appealability (Dkt. # 15).

Dated this 10th day of November, 2005.

/s/ James L. Robart

JAMES L. ROBART
United States District Judge

ORDER – 4